UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| MICHELLE LARCHE, individually and on behalf of her minor son, LUCIEN ALEX LARCHE | : | CIVIL ACTION NO. 14-0064 |
| VS. | : | JUDGE ROBERT G. JAMES |
| CENTRAL FLYING SERVICE, INC. AND RPI AIR, INC. | : | MAG. JUDGE KAREN L. HAYES |

**ORDER**

Plaintiffs filed the above-captioned matter in federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source). This rule requires "strict adherence." *Id*.

In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation *as well as the principal place of business of each corporation*." *Getty Oil, supra* (emphasis added). For example, simply alleging that a corporation is a "foreign insurer" without specifying its principal place of business is insufficient for jurisdictional purposes. *See Getty, supra*; *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference).

Here, the complaint fails to allege the principal place of business for defendant, RPI Air, Inc. *See* Complaint, ¶ 3(b).

Accordingly, within the next 7 days from the date of this order, plaintiffs are granted leave of court to file an amended complaint for purposes of establishing diversity jurisdiction only. 28 U.S.C. § 1653. If plaintiffs fail to so comply, or if jurisdiction is found to be lacking, then dismissal will be recommended. Fed.R.Civ.P. 12(h)(3).

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of April 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE